[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a case of eminent domain, in which the Bridgeport Redevelopment Authority (BRA) acquired property located at 553 Helen Street in Bridgeport bounded and described as follows:
ALL THAT CERTAIN PIECE OR PARCEL OF LAND, together with the buildings CT Page 10619 and improvements thereon standing, situated in the City of Bridgeport, County of Fairfield, and State of Connecticut, being known and designated as Lot No. 553 Helen Street on map sheet "B" of the property of the East End Realty Corporation, made by Cohen and Ehrart, Inc. dated November 4, 1920, and on file in the Town Clerk's Office at Bridgeport, CT bounded and described as follows:
 NORTH: by land now or formerly of Szinassian, et al, 118.80 feet;
 EAST: by land now or formerly of M.M. Pulseak, 118.80 feet;
SOUTH: by Helen Street, 42 feet;
 WEST: by land now or formerly of W.F. Chatlo, 42 feet
The property was owned by Piesner Properties 3, LLC, and Counsel have agreed that the date of taking was August 3, 1999.
In October of 1998, the Condemnor determined and deposited with the clerk of the Superior Court, Fairfield District, the sum of $1.00 as compensation for said taking.
Testifying on behalf of the defendant, Piesner, was appraiser Eric Glidden, who based on comparable sales, determined that the fair market value of the property as of the date of taking was $45,000. The subject property was admittedly uninhabitable on the date of taking and Glidden arrived at his figure of $45,000 by adjusting downward from the sale price of his comparables some $45,000, which he estimated would be required to theoretically make subject property similar in condition and utility of use as the three comparable sales, which amounted respectively to $95,000, $85,000 and $80,000.
Peter Vimini, appraiser for the plaintiff BRA, also found subject property to be in poor condition, abandoned, boarded up and practically gutted. Using the capitalization of income approach, Vimini found the fair market value of subject property as of the taking time, to be $13,000.
Vimini also used the comparable sales approach, using three parcels which ranged in sales price from $2,500 to $50,000. Adjusting for such measures of comparison as time of sale, location and physical characteristics, he arrived at a fair market value of subject property in the amount of $12.000. CT Page 10620
Vimini also listed what he opined would be the cost of repairs to place subject property in a habitable condition. He estimated such cost to total $84,300 to which he added an entrepreneurial remuneration of 15%. Opining that the value of subject property in a rehabilitated state would be $110.442, he arrived at a value via the capitalization of income approach of $13,000.
Vimini felt that the capitalization of income approach should be given greater weight than the direct sales approach. Respectfully, the court cannot agree. since in his income approach, Vimini used comparable expenses instead of actual expenses, since the subject property was abandoned and uninhabitable.
The court must give greater weight to Vimini's listed cost of repairs, which appear to be more complete including such items as housing code violations.
Based on all the testimony, the court finds the fair market value of subject property at the date of taking to be $20,000. The plaintiff is further ordered to pay interest at the statutory rate from the date of taking to date of payment.
BELINKIE, J.R.